JS - 6

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Fernando Aranda, | CASE NO. S CIV 08-2101 DOC |
| Plaintiff(s), | |
| v. | <u>O R D E R DISMISSING ACTION</u> |
| Elizabeth Meyers, et al., | |
| Defendant(s). | |

Fernando Aranda ("Plaintiff") is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915A. Plaintiff's complaint does not make the showing required by 28 U.S.C. § 1915A. Accordingly, Plaintiff's complaint is hereby DISMISSED WITH PREJUDICE. Additionally, Plaintiff has failed to submit a declaration that meets the showing required by 28 U.S.C. § 1915(a). Accordingly, his request to proceed in forma pauperis is DENIED.

## I. LEGAL STANDARD

Under 28 U.S.C. § 1915A, this Court must "review, before docketing... or ... as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court [must] identify cognizable claims or dismiss... any portion of the complaint, if the complaint – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2)

1  seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).  This
2  Court must therefore determine whether the Complaint states a cognizable claim for relief with respect
3  to each named defendant.

4    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v.*
5  *Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The
6  court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal
7  theory or where the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.  The critical
8  inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual
9  basis.  *See Jackson v. Arizon*, 885 F.2d 639, 640 (9th Cir. 1989); *Franklin*, 745 F.2d at 1227.

10   Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only a 'short and plain statement
11  of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of
12  what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp v. Twombly*, 127 S.Ct.
13  1955, 1964 (2007)(*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  However, in order to survive a
14  dismissal for failure to state a claim, a complaint must contain more than a "formulaic recitation of the
15  elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief
16  above the speculative level."  *Bell Atlantic*, 127 S.Ct. at 1965.  In reviewing a complaint under this
17  standard, the Court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co.*
18  *v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to
19  the plaintiff, and resolve all doubts in the plaintiff's favor.  *Jenkins v. McKeithen*, 395 U.S. 411, 421
20  (1969).

21   The Civil Rights Act under which this action was filed provides as follows:
22   Every person who, under color of [state law] ... subjects, or causes to be
23   subjected, any citizen of the United States ... to the deprivation of any
24   rights, privileges, or immunities secured by the Constitution ... shall be
25   liable to the party injured in an action at law, suit in equity, or other proper
26   proceeding for redress.
27   42 U.S.C. §1983.  The statute requires that there be an actual connection or link between the
28  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  *See Monell v.*

2

*Dept. of Social Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of 1983, if he does an affirmatives act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). Finally, vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. *See Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

## II. DISCUSSION

### A. Plaintiff Does Not State a Cognizable Claim for Relief

Plaintiff is currently incarcerated in the California Department of Corrections ("CDCR") Facility at Mule Creek State Prison ("MCSP"). Plaintiff brings suit against Elizabeth Meyers ("Meyers"), a Los Angeles County Sheriff's Detective, and MCSP employees "Smith," "May," "Anderson," "Edwards," "Gutierrez," "Schopf," "Botella" and appeals coordinator E.A. Reyes (collectively, "Defendants"). Plaintiff's complaint also alleges claims against "Inmates at MCSP" and "John Does."

Plaintiff's complaint alleges that "abuse on electronic transmission" has violated his constitutional rights. Plaintiff alleges that the prison guards have been making statements on their two-way radios such as "Tu Eres" (meaning "You Are") implicating him as a member of the Mexican Mafia. Plaintiff also alleges that the guards have used such phrases as "Yup" and "Your Homeboy," and provoked other inmates to cause Plaintiff to feel "threatened and enraged." Plaintiff also alleges that he is being monitored by computer technology and specifically targeted by the Defendants. Plaintiff alleges that he has been subjected to traumatic events, threats of death and serious bodily injury, torture, and/or confinement that may bring about post-traumatic stress disorder. Plaintiff also goes on to charge the defendants with criminal acts, such as violations of the Racketeer Influence and Corrupt

1  Organizations Act, white collar crimes, criminal threats, and blackmail.  Finally, Plaintiff alleges that
2  Defendant Meyers is having sexual relationships with inmates in order to provoke them to "target" the
3  Plaintiff.
4      Plaintiff requests $1,000,000 in damages and an injunction prohibiting the Defendants from
5  monitoring and observing him on "computer technology/ information security network/ civil harassment
6  and real threat of Plaintiff suffering future irreparable harm or repetition of injury.  And [sic] preventing
7  Detective Elizabeth Meyers... from entering [MCSP]..."  Plaintiff also demands that MCSP be
8  prohibited from using "Workgroup computer technologies to... publish, display, or transmit, any
9  information that: (a) violates or infringes on the rights of another person; (b) conduct activities not
10 related to the mission or work tasks of the Department; (c) solicit the performance of activities as
11 prohibited by law; (d) transmit material information or software in violation of departmental policies, or
12 local, state or federal law;" [sic] (e) and provides punishment and/or termination of any employee who
13 violates these demands.
14     Plaintiff has failed to state a cognizable claim.  In a § 1983 claim, the plaintiff must establish: (1)
15 conduct by a "person"; (2) who acted "under color of state law"; (3) proximately causing; (4) a
16 deprivation of a federally protected right.  Plaintiff argues that he has been deprived of his Fourteenth
17 Amendment Due Process rights and his Eighth Amendment right not to be subjected to cruel and
18 unusual punishment.  Plaintiff's claims do not assert facts that support a meritorious legal theory.
19 Plaintiff alleges that he has been deprived of his constitutional rights but does not allege that he has
20 suffered injury.  Instead, Plaintiff alleges that he is being subjected to future injury.  Plaintiff must have
21 suffered an actionable injury in order to recover.
22     Additionally, Plaintiff's allegations that the Defendants violated his civil rights are conclusory
23 and vague.  Although Plaintiff's factual allegations are liberally construed, this Court may not supply
24 essential elements of the claim that were not initially pled.  *See Bruns v. Nat'l Credit Union Admin.*, 122
25 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey, supra*, 673 F.2d at 268).  Plaintiff allegations are so
26 vague that the Defendants would not have the ability to properly defend against this suit.
27     Plaintiff's allegations that he has been subjected to "abuses on electronic transmission" are
28 indecipherably obscure.  It is impossible to make sense of what the Plaintiff alleges the Defendants are

1  doing to "target" him.  Plaintiff alleges he has been implicated as a member of the Mexican Mafia, but
2  he cannot allege how he has suffered an injury from such implication.  Additionally, Plaintiff alleges no
3  causal link between the Defendants and the alleged implications.  Finally, Plaintiff's allegations that he
4  has been subjected to traumatic events, threats of death and serious bodily injury, torture, and/or
5  confinement are conclusory.  Plaintiff does not provide specific facts that explain in what way he has
6  been subjected to such events.  Nor does Plaintiff provide a causal link between the Defendants and the
7  alleged events.

8  Consequently, as Plaintiff's complaint does not meet the stan cognizable claim and his complaint
9  is dismissed with prejudice. dards under § 1983 and his claims are vague and conclusory, he has not
10 stated a cognizable claim.

11 **B. Plaintiff's Complaint is Dismissed with Prejudice**

12 A pro se litigant is entitled to notice and an opportunity to amend the complaint to overcome any
13 deficiency unless it is clear that no amendment can cure the defect. *Denton v. Hernandez*
14 504 U.S. 25, 112 S.Ct. 1728 (*E.g., Potter v. McCall*, 433 F.2d 1087, 1088 (9th Cir. 1970); *Noll v.*
15 *Carlson*, 809 F.2d 1446 (9th Cir. 1987))

16 Plaintiff's complaint is incurably deficient.  Plaintiff cannot allege a specific claim that can be
17 traced to the conduct of any particular defendant.  More importantly, the Court cannot identify what
18 violative conduct is being alleged in the complaint.  That is, this Court cannot determine what acts or
19 omissions the Defendants have actually done *to* the Plaintiff.  Plaintiff's allegations of illegal monitoring
20 and provocation are unintelligible and confused at best.  Additionally, Plaintiff cannot allege an injury
21 that has been suffered as a result of the Defendants' alleged conduct.  Thus, the Court cannot see how
22 amendment could cure such extreme deficiencies and hereby DISMISSES the complaint with prejudice.

23 **C. Plaintiff May Not Proceed In Forma Pauperis**

24 A person may be granted permission to proceed in forma pauperis if the person "submits an
25 affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to
26 pay such fees or give security therefor.  Such affidavit shall state the nature of the action, defense, or
27 appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).  Prisoners
28 seeking in forma pauperis status must also "submit a certified copy of the trust fund account statement

1  (or institutional equivalent) for the prisoner for the 6 month period immediately preceding the filing of
2  the complaint or notice of appeal, obtained from the appropriate official of each prison at which the
3  prisoner is or was confined." 28 U.S.C. § 1915(a)(2).
4      Because the plaintiff has not submitted the required documents, he cannot proceed in forma
5  pauperis. Consequently, Plaintiff's request to proceed in forma pauperis is denied.

## III. DISPOSITION

7      In accordance with the above, IT IS HEREBY ORDERED that (1) Plaintiff's request for leave to
8  proceed in forma pauperis is DENIED; (2) Plaintiff's complaint is DISMISSED WITH PREJUDICE
9  under 28 U.S.C. § 1915A.
10 DATED: June 9, 2009

_____
DAVID O. CARTER
UNITED STATES DISTRICT JUDGE
Sitting by Designation