1
2
3
4
5
6
7
8               UNITED  STATES  DISTRICT  COURT
9          FOR  THE  EASTERN  DISTRICT  OF  CALIFORNIA
10
11  Fernando Aranda,                    )         CASE NO. S CIV 08-2101 DOC
                                        )
12              Plaintiff(s),           )
                                        )         O R D E R DENYING PLAINTIFF
13          v.                          )         FERNANDO ARANDA'S MOTION
                                        )         FOR RECONSIDERATION AND
14  Elizabeth Meyers, et al.,           )         RENDERING MOTION TO
                                        )         PROCEED IN FORMA PAUPERIS
15              Defendant(s).           )         MOOT
    _____)
16

17                          I. BACKGROUND

18          Plaintiff is currently incarcerated in the California Department of Corrections ("CDCR")

19  Facility at Mule Creek State Prison ("MCSP").  Plaintiff brings suit against Elizabeth Meyers

20  ("Meyers"), a Los Angeles County Sheriff's Detective, and MCSP employees "Smith," "May,"

21  "Anderson," "Edwards," "Gutierrez," "Schopf," "Botella" and Appeals Coordinator E.A. Reyes

22  (collectively, "Defendants").  Plaintiff's complaint also alleges claims against "Inmates at

23  MCSP" and "John Does."

24          Plaintiff's complaint alleges that "abuse on electronic transmission" has violated his

25  constitutional rights. Plaintiff alleges that the prison guards have been making statements on

26  their two-way radios such as "Tu Eres" (meaning "You Are") implicating him as a member of

27  the Mexican Mafia.  Plaintiff also alleges that the guards have used such phrases as "Yup" and

28  "Your Homeboy," and provoked other inmates to cause Plaintiff to feel "threatened and

enraged." Plaintiff also alleges that he is being monitored by computer technology and specifically targeted by the Defendants. Plaintiff alleges that he has been subjected to traumatic events, threats of death and serious bodily injury, torture, and/or confinement that may bring about post-traumatic stress disorder. Plaintiff also goes on to charge Defendants with criminal acts, such as violations of the Racketeer Influence and Corrupt Organizations Act, white collar crimes, criminal threats, and blackmail. Finally, Plaintiff alleges that Defendant Meyers is having sexual relationships with inmates in order to provoke them to "target" the Plaintiff.

On June 9, 2009, this Court dismissed with prejudice Plaintiff's Action, finding that Plaintiff did not make the showing required by 28 U.S.C. § 1915A and Federal Rule of Civil Procedure 8(a)(2). Following this decision, Plaintiff filed a Motion to Reconsider on July 2, 2009, stating that the Court misapplied the liberal pleading standards of Federal Rule of Civil Procedure 8(a)(2).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) "provides for reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *School Dist. No. 1J, Multnomah County v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (quoting *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991)).

Additionally, Local Rule 78-230(k) states "Whenever any motion has been granted or denied in whole or in part, and a subsequent motion for reconsideration is made upon the same or any alleged different set of facts, it shall be the duty of counsel to present to the Judge or Magistrate Judge to whom such subsequent motion is made an affidavit or brief, as appropriate, setting forth the material facts and circumstances surrounding each motion for which reconsideration is sought, including: (1) when and to what Judge or Magistrate Judge the prior motion was made, (2) what ruling, decision or order was made thereon, (3) what new or different facts or circumstances are claimed to exist or were not shown upon such prior motion, or what other grounds exist for the motion, and (4) why the facts or circumstances were not

shown at the time of the prior motion."  Local R. 78-230(k).

### III. DISCUSSION

Plaintiff fails to show in his Motion a solid basis for why the Court's prior order should be reconsidered.  Plaintiff does not meet any of the factors required by Rule 60(b) to allow for reconsideration.  Plaintiff makes no statement to show that there has been newly discovered evidence, fraud, a void judgement, a satisfied or discharged judgment, or extraordinary circumstances which would justify relief.  Nor do the facts set out in the Motion indicate that any one of these factors have been met.  The only factor for reconsideration that the Plaintiff does address is the first factor requiring a showing of mistake, surprise, or excusable neglect.

In his Motion, Plaintiff argues that the Court was mistaken in its application of Federal Rule of Civil Procedure 8(a)(2).  Plaintiff states that his complaint meets the requirements of Rule 8(a)(2) in that it sets forth facts with reasonable particularity to meet the requirements of notice pleading.  Plaintiff argues that Rule 8(a)(2) requires nothing more than fair notice of what the plaintiff's claim is and the grounds upon which it rests.  Plaintiff, however, is mistaken in his reading of the rule.  Since the Supreme Court decision in *Bell Atlantic Corp. V. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007), it has been required that a complaint contain more than a "formulaic recitation of the elements of a cause of action."  Plaintiff's complaint, however, does not meet the standard required by *Bell Atlantic Corp.*  Plaintiff's allegations are both vague and unclear, and it is difficult to discern what Defendants are guilty of from Plaintiff's complaint.  Furthermore, Plaintiff does not supply specific facts in support of the allegations that he makes in his complaint.  Plaintiff's vague and convoluted complaint simply does not meet the requirements of Rule 8(a)(2) as set forth in *Bell Atlantic Corp.*, and so this Court was correct in dismissing Plaintiff's initial complaint.  Disagreement with this Court's application of the law does not provide a basis for reconsideration of this Court's previous order.

Additionally, under a § 1983 claim, a Plaintiff must establish: (1) conduct by a "person"; (2) who acted "under color of state law"; (3) proximately causing; (4) a deprivation of a federally protected right.  As this Court already stated, Plaintiff fails to meet the standard

3

required for a § 1983 claim  because he does not allege any specific injury in his complaint, nor does he state facts showing exactly who is responsible for his injuries and how.  Furthermore, in his Motion for Reconsideration, Plaintiff does nothing to address the Court's concerns about the vagueness of his initial complaint.  Rather, Plaintiff makes a series of allegations that are difficult to understand and are without any kind of factual support.  Plaintiff, therefore, does not meet the requirements for a § 1983 claim.

## IV. DISPOSITION

For the foregoing reasons, this Court hereby DENIES Plaintiff Fernando Aranda's Motion for Reconsideration.  In Denying the Motion, the Court renders Plaintiff's Motion to Proceed In Forma Pauperis MOOT.

IT IS SO ORDERED.

DATED: July 14, 2009

**DAVID O. CARTER**
**UNITED STATES DISTRICT JUDGE**
**Sitting by Designation**