IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Fernando Aranda,

        Plaintiff(s),                           CASE NO. S CIV 08-2101 DOC

    vs.

Elizabeth Meyers, et al.,

        Defendant(s).

    _____/

## ORDER

Before the Court are the following three motions filed by Plaintiff Fernando Aranda: (1) Motion for Permission to Appeal In Forma Pauperis ("IFP") with Application to Proceed IFP By A Prisoner, [Docket No's. 26-27]; (2) Motion to Vacate Order Denying Plaintiff's Request to Proceed IFP, [Docket No's. 25]; and (3) Motion for Extension of Time to Move to Appeal IFP, [Docket No. 24]. The Court finds these matters appropriate for decision without oral argument. FED. R. CIV. P. 78; Local R. 7-15. After reviewing the moving papers the court GRANTS permission to proceed IFP on appeal; DENIES the motion to vacate the prior Order; and holds that the motion for an extension of time is MOOT.

**I. Background**

Plaintiff is currently incarcerated in the California Department of Corrections ("CDCR") Facility at Mule Creek State Prison ("MCSP"). Plaintiff brings suit against Elizabeth Meyers ("Meyers"), a Los Angeles County Sheriff's Detective, and MCSP employees "Smith," "May," "Anderson," "Edwards," "Gutierrez," "Schopf," "Botella" and Appeals Coordinator E.A. Reyes (collectively "Defendants"). Plaintiff's Complaint also alleges claims against "Inmates at MCSP" and "John Does."

Plaintiff's Complaint alleges that "abuse on electronic transmission" has violated his

1

Constitutional rights. The abuses include being monitored by computer technology and specifically targeted by the Defendants in a manner that may bring about post-traumatic stress disorder. The Complaint includes allegations of violations of the Racketeer Influence and Corrupt Organizations Act, white collar crimes, criminal threats, and blackmail by Defendants. Finally, Plaintiff alleges Defendant Meyers is having sexual relationships with inmates in order to provoke them to target Plaintiff.

On June 9, 2009, this Court dismissed Plaintiff's action with prejudice, finding that Plaintiff did not make the showing required by 28 U.S.C. § 1915A and Federal Rule of Civil Procedure 8(a)(2). Plaintiff then filed a Motion to Reconsider on July 2, 2009, which was denied. At that time Plaintiff also filed a Application to Proceed IFP, which the Court held moot in light of the denial of the Motion for Reconsideration.

On July 30, 2009, Plaintiff filed a Notice of Appeal. On August 6, 2009, Plaintiff sent the Court a letter asking for more time to file a motion to proceed IFP on appeal. On August 13, 2009, Plaintiff moved to vacate the Court's July 14, 2009 Order denying Plaintiff's request to proceed IFP. On August 17, 2009, before any response was issued relating to Plaintiff's August 6th letter, Plaintiff filed a Motion to Proceed IFP on Appeal along with an Application to Proceed In Forma Pauperis By A Prisoner ("Application").

On January 10, 2010, the Ninth Circuit dismissed Plaintiff's appeal for failure to pay fees.

## II. Legal Standard

Under Rule 24(a) of the Federal Rules of Appellate Procedure:

> "A party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that: (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (c) states the issues that the party intends to present on appeal."

Under subsection (a)(3)(A) and 28 U.S.C. 1915, a party may not proceed IFP on appeal if the

district court certifies that the appeal is not taken in good faith. Nevertheless, if the district court grants the motion, the party may proceed on appeal without prepaying or giving security for fees and costs, unless a statute provides otherwise. Fed Rules App. Proc. R. 24(a)(2).

### III. DISCUSSION

**A. The Motion and Application to Proceed IFP Satisfy Rule 24(a) and the Appeal is Taken in Good Faith.**

Together, Plaintiff's Application and Motion For Permission to Appeal IFP meet the requirements of Federal Rule of Appellate Procedure 24(a) because the Application contains the same level of detailed information as proscribed by Form A of the Appendix of Forms, the Motion claims entitlement to redress, and Plaintiff has described the issues he intends to bring on appeal.

The Application and motion also meet the good faith standard proscribed by Rule 24(a)(3)(A) and 28 § U.S.C. 1915. Where there is no evidence of improper motive, the applicant's good faith is established by the presentation of any issue that is not plainly frivolous. *Wooten v. District of Columbia Metropolitan Police*, 129 F. 3d 206, 208 (D.C. Cir. 1997) (citing *Ellis v. United States*, 356 U.S. 674, 78 S. Ct. 974 (1978)). The good faith standard is meant to be applied in a manner that prevents abuse of the IFP statute through prosecution of suits that are frivolous or malicious, but also affords persons who are unable to pay costs the right to prosecute or defend actions for the protection of their rights. *Id*.

In *Wooten,* an overly litigious plaintiff was denied leave to appeal IFP when he attempted to circumvent a court order requiring him to seek leave from the court before filing new actions. 129 F. 3d at 207. The court held that denial of IFP was proper because, by attempting to sidestep the district court's order instead of challenging it, the plaintiff showed that his appeal was improperly motivated and thus not taken in good faith. *Id*. at 207-208. Similarly, in *Daye v. Bounds*, 509 F. 2d 66, 69 (4th Cir. 1974), a plaintiff who had "flooded" the court and others with legal correspondence was denied leave to proceed IFP on appeal because his claim that he had been denied use of the mail service was patently false.

*Wooten* and *Daye* demonstrate the strong showing necessary for the Court to find that an appeal has not been made in good faith. The facts of the instant case do not meet that standard. Although this Court expressed its opinion that Plaintiff's claims have little merit by holding that Plaintiff's Complaint fails to state a claim for relief and that no set of amendments can fix the defaults, Plaintiff's request for appeal is nevertheless not improperly motivated as in *Wooten* because Plaintiff is not trying to sidestep the Court by appealing, but is instead asking for review based on legitimate disagreement with the Court's ruling. Furthermore, Plaintiff's claim that this Court treated him in a careless and perfunctory manner as a pro se plaintiff is not a plainly frivolous issue because, regardless of this Court disagreement with the contention, unlike the situation in *Daye* where no reasonable person could believe that someone who persistently flooded the Court with letters had been denied use of the mails, there is no evidence that Plaintiff's claim in this regard is patently false. Consequently, Plaintiff has the right to be heard and, consistent with the policy behind the "good faith" standard, his inability to pay the cost of appeal should not hinder his ability to utilize the legal process in order to pursue the instant appeal.

Accordingly, to the extent that Plaintiff has the right to reinitiate his dismissed appellate action, the Motion for Permission to Appeal IFP is GRANTED.

### B. The Court's Order Rendering Plaintiff's Request to Proceed IFP In This Case Is Not Vacated.

Plaintiff's July 2, 2009 Application to Proceed IFP accompanied Plaintiff's Motion for Reconsideration of the Court's Order dismissing Plaintiff's Complaint. When the Court denied the motion for reconsideration, the Court held that the July 2, 2009 Application was moot because no further proceedings were contemplated at the district level. At this time, there are still no proceedings pending in this Court.

Plaintiff's Motion to Vacate the Court's July 14, 2009 Order rendering Plaintiff's July 2, 2009 request to proceed IFP moot is therefore DENIED.

**C. The Motion For More Time To Move To Appeal IFP is Moot.**

Plaintiff's August 6, 2009 Motion for Extension of Time to Move to Appeal IFP is rendered moot by the Court's present order granting permission to appeal IFP.

## IV. RESULT

To the extent that Plaintiff has the right to reinitiate his dismissed appellate action, the Motion for Permission to Appeal IFP is GRANTED.

Plaintiff's motion to vacate the Court's July 14, 2009 Order rendering his July 2, 2009 application to proceed IFP is DENIED.

Plaintiff's Motion for Extension of Time to Move to Appeal IFP is DENIED AS MOOT.

The Clerk shall serve this order on all parties to the action.

.

DATED: March 12, 2010

/s/ David O. Carter
UNITED STATES DISTRICT COURT JUDGE